Larry R. Laycock (Utah Bar No. 4868)
 llaycock@mabr.com
Jared J. Braithwaite (Utah Bar No. 12455)
 jbraithwaite@mabr.com
Michael J. Howell (Utah Bar No. 11672)
 mhowell@mabr.com
MASCHOFF BRENNAN
201 South Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone:   (435) 252-1360

Attorneys for Plaintiff COWBOY CAULDRON COMPANY

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **Cowboy Cauldron Company**, a Utah corporation,  Plaintiff,  v.  **Titan Manufacturing and Distributing, Inc.**, d/b/a **Titan Distributors, Inc.**, a Tennessee corporation,  Defendant. | Civil No. 2:17-cv-01206-EJF  **Complaint**  (Jury Demanded)  Magistrate Judge Evelyn J. Furse |

Plaintiff Cowboy Cauldron Company ("Cowboy Cauldron") complains against defendant Titan Manufacturing and Distributing, Inc. d/b/a Titan Distributors, Inc. ("Titan") for the causes of action alleged as follows:

**THE PARTIES**

1.  Cowboy Cauldron is a corporation duly organized and existing under the laws of the State of Utah, with its principle place of business located at 58 Virginia Street, Salt Lake City, Utah 84103.

1

2. Titan is a Tennessee corporation with its principal place of business located at 141 Eastley Street, Collierville, Tennessee 38017.

3. Titan also goes by the names Titan Outdoors, Titan Fitness, Titan Attachments, and Titan Ramps.

## JURISDICTION AND VENUE

4. This is a civil action for trademark infringement under Sections 32 and 43 of the Lanham Act, Title 15 U.S.C. §§ 1114 and 1125.

5. This is also a civil action for unfair competition arising under Utah Code Ann. § 13-5a-101, *et seq*.

6. This is also a civil action for deceptive trade practices arising under Utah Code Ann. § 13-11a-1, *et seq*.

7. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 15 U.S.C. § 1121. This Court has related-claim jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

8. Titan is the owner of the web sites located at www.titandistributorsinc.com, www.palletforks.com, www.titanramps.com, and www.titan.fitness, which are available to persons within the State of Utah.

9. Titan advertises, markets, and sells its products through its websites, which advertising, marketing, and selling are available to the purchasing public in the State of Utah.

10. Titan uses its websites to market, sell, and commit the acts of infringement alleged herein.

11. At least Titan's website at www.palletforks.com is used by Titan to market and offer for sale Titan's infringing products as described below.

12. At least Titan's website at www.palletforks.com allows consumers to order and ship Titan's infringing products across the United States, including shipments to Utah.

13. Cowboy Cauldron alleges on information and belief that Titan has sold, contracted for the sale of, or intends to sell infringing goods within the State of Utah through its websites, which sales relate to the claims asserted by Cowboy Cauldron, and out of which Cowboy Cauldron's claims, in part, arise.

14. Titan also offers its products for sale through known nationwide distributors, including Amazon.com and Jet.com.

15. Titan has, in fact, sold or contracted for the sale of infringing goods knowingly within the State of Utah through these nationwide distributors, which sales relate to the claims asserted by Cowboy Cauldron, and out of which Cowboy Cauldron's claims, in part, arise.

16. This Court's exercise of personal jurisdiction over Titan is consistent with the Constitutions of the United States and the State of Utah.

## BACKGROUND

**I. Cowboy Cauldron's Iconic Products, Trademarks, and Trade Dress**

17. Cowboy Cauldron markets and sells high-quality, suspended fire pits with a unique, iconic, modern, and contemporary design.

18. Cowboy Cauldron offers multiple fire pits, including those known as The Ranch Boss, The Wrangler, and The Urban Cowboy, which share the same iconic design and primarily differ in their sizes. Each are pictured below:

  

**The Ranch Boss**　　　**The Wrangler**　　　**The Urban Cowboy**

19.　Cowboy Cauldron's products share the following design elements, which make up the Cowboy Cauldron Trade Dress:



Primary Elements:

a. Hemispherical, heavy-duty fire-pit bowl;

b. Suspension of the hemispherical, fire-pit bowl off the ground by a tripod that creates the impression of the hemispherical bowl inside a triangle or an A-frame.

Additional Elements:

c. Semi-circular bowl handle that substantially mimics the curvature of the hemispherical bowl, to imply a complete circular or spherical shape by the bowl-handle combination;

d. Flat-top tripod cap; and

e. Collection of visually weighty components.

20.　Each of the design features that make up the Cowboy Cauldron Trade Dress constitute a design choice not driven solely by function.

4

21. Numerous other fire pits are marketed and sold in the marketplace without incorporating the elements of the Cowboy Cauldron Trade Dress either individually or collectively.

22. Cowboy Cauldron first marketed and sold fire pits with the Cowboy Cauldron Trade Dress to the public in September 2008 in connection with its website, www.cowboycauldron.com.

23. Cowboy Cauldron has continuously used the Cowboy Cauldron Trade Dress in connection with its products since first offering fire pits for sale to the public in September 2008.

24. The Cowboy Cauldron Trade Dress has been unique to Cowboy Cauldron's products or uniquely associated with Cowboy Cauldron in the minds of consumers since September 2008.

25. Since initially offering its iconic products with the Cowboy Cauldron Trade Dress, Cowboy Cauldron has spent hundreds of thousands of dollars on advertisement and marketing to order to showcase the unique designs of its products and to associate the Cowboy Cauldron Trade Dress with Cowboy Cauldron in the minds of consumers.

26. Additionally, Cowboy Cauldron and its products with the Cowboy Cauldron Trade Dress have been showcased and featured on national television programs and in national newspapers, including Good Morning America on the ABC Network, Fox & Friends on the Fox News Network, Taking Stock on Bloomberg Television, Cousins on Call on the HGTV Network, the Wall Street Journal, and the New York Times.

27. Commentators have remarked that the Cowboy Cauldron's products with the Cowboy Cauldron Trade Dress are "a conversation piece of supreme quality that you will enjoy for a lifetime" and a "fire pit [that] stands on its own as a sculptural focal point."

28. As a result of Cowboy Cauldron's continuous use of the Cowboy Cauldron Trade Dress, including advertisement, marketing, and sales utilizing the Cowboy Cauldron Trade Dress, the Cowboy Cauldron Trade Dress has become an asset of substantial value to Cowboy Cauldron as a distinctive indication of the origin and quality of the Cowboy Cauldron's products.

29. Cowboy Cauldron is the owner of U.S. Registered Trademark No. 5,047,910 ("Registered Trademark"), registered September 27, 2016, which is shown below, and which incorporates and represents the elements of the Cowboy Cauldron Trade Dress:



30. For example, Cowboy Cauldron uses the Registered Mark in connection with its marketing as a stand-in or reinforcement of the unique design of its products as shown below:



31. Cowboy Cauldron's use of its Registered Trademark reinforces the association of the Cowboy Cauldron Trade Dress with Cowboy Cauldron in the minds of consumers.

32. Cowboy Cauldron uses the Cowboy Cauldron Trade Dress in interstate commerce in connection with the sale and advertising of its products nationwide.

33. By using the Cowboy Cauldron Trade Dress, Cowboy Cauldron has developed significant and valuable goodwill in this mark.

## II. Titan's Infringing Products

34. Titan is unlawfully profiting of Cowboy Cauldron's success and goodwill associated with Cowboy Cauldron's products by marketing and selling fire pits that incorporate the Cowboy Cauldron Trade Dress ("Infringing Products").

35. Only recently did Titan begin marketing and selling the Infringing Products with the Cowboy Cauldron Trade Dress.

36. Cowboy Cauldron alleges on information and belief, that before marketing and selling the Infringing Products, Titan marketed and sold numerous other fire pits of assorted designs that did not incorporate the Cowboy Cauldron Trade Dress.

37. The Infringing Products include Titan's products marketed as the 41" Cauldron Fire Pit and 29" Cauldron Fire Pit, which are pictured below:



**41" Cauldron Fire Pit**             **29" Cauldron Fire Pit**

38. Titan copied the distinctive Cowboy Cauldron Trade Dress for use in the marketing and sale of its Infringing Products.

39. Titan has incorporated each and every element of the Cowboy Cauldron Trade Dress into its Infringing Products.

40. Titan's incorporation of the Cowboy Cauldron Trade Dress into its Infringing Products is likely to cause confusion, mistake, or deception, as those encountering Titan's Infringing Products will mistakenly believe that Titan's Infringing Products are sponsored, endorsed, approved by, or connected with Cowboy Cauldron, when in fact they are not.

41. The Infringing Products do not meet the high standards and quality that customers have come to expect from the Cowboy Cauldron's products.

42. Titan sells its Infringing Products at a price point that is significantly lower than the price that Cowboy Cauldron charges for its products. By selling the Infringing Products, which mimic Cowboy Cauldron's products, at a reduced price, Titan is diverting customers away from Cowboy Cauldron, eroding Cowboy Cauldron's price point for its products, and tarnishing Cowboy Cauldron's reputation as a provider of high quality products.

43. Titan's actions have caused, and continue to cause, Cowboy Cauldron extensive financial damage and damage to the value and goodwill of the Cowboy Cauldron Trade Dress.

44. In addition to the significant financial damage that Cowboy Cauldron has, and is, suffering as a result of Titan's actions, Cowboy Cauldron is suffering immediate and irreparable harm.

**FIRST CAUSE OF ACTION**
**Trade Dress Infringement**

45. Cowboy Cauldron re-alleges and incorporates the foregoing paragraphs as though fully set forth hereat.

46. Titan's use of the Cowboy Cauldron Trade Dress in the Infringing Products is deceptive and likely to cause mistake and confusion regarding whether Titan's goods and services originate from Cowboy Cauldron, or are sponsored, or approved of, by Cowboy Cauldron.

47. By its aforementioned acts, Titan has infringed Cowboy Cauldron's federal trademark rights in the Cowboy Cauldron Trade Dress in violation of Section 32 of the Lanham Act, 15 U.S.C § 1125(a).

48. Cowboy Cauldron alleges on information and belief that Titan's acts have been willful and in conscious disregard of Cowboy Cauldron's rights in the Cowboy Cauldron Trade Dress.

49. Titan's actions have already caused, and continue to cause, Cowboy Cauldron financial damage and damage to the value and goodwill of the Cowboy Cauldron Trade Dress.

50. Cowboy Cauldron has suffered and will continue to suffer irreparable injury for which Cowboy Cauldron has no adequate remedy at law.

51. Cowboy Cauldron is entitled to damages in an amount to be established at trial.

52. Cowboy Cauldron has no adequate remedy at law for the irreparable injury it has suffered and will continue to suffer unless Titan is both preliminarily and permanently enjoined from its infringing and improper conduct.

**SECOND CAUSE OF ACTION**
**Unfair Competition**

53. Cowboy Cauldron re-alleges and incorporates the foregoing paragraphs as though fully set forth hereat.

54. Titan's conduct as alleged is in violation of Utah Code Ann. § 13-5a-101 *et seq*.

55. Cowboy Cauldron alleges on information and belief that Titan's acts have been willful and with knowledge that Titan would be unlawfully and unfairly profiting from the goodwill associated with Cowboy Cauldron and its rights in the Cowboy Cauldron Trade Dress.

56. Titan's actions have led to a material diminution in value of the Cowboy Cauldron Trade Dress.

57. Cowboy Cauldron has been injured by Titan's infringement of the Cowboy Cauldron Trade Dress.

58.     Pursuant to Utah Code Ann. § 13-5a-103, Cowboy Cauldron is entitled to damages, costs, attorneys' fees, and punitive damages from Titan for its unfair competition.

### THIRD CAUSE OF ACTION
### Deceptive Trade Practices

59.     Cowboy Cauldron re-alleges and incorporates the foregoing paragraphs as though fully set forth hereat.

60.     Titan, by its actions as alleged herein, has caused a likelihood of confusion or of misunderstanding as to the source of its products and services and has thereby engaged in a deceptive trade practice, pursuant to Utah Code Ann. § 13-11a-3(1)(b).

61.     Titan's conduct as set forth hereinabove gives rise to a cause of action for deceptive trade practices and related wrongs under the statutory and common law of the State of Utah, including at least Utah Code Ann. § 13-11a-4(2)(a).

62.     Cowboy Cauldron alleges on information and belief that Titan has engaged in deceptive trade practices against Cowboy Cauldron in willful and deliberate disregard of Cowboy Cauldron's rights and those of the consuming public.

63.     By reason of Titan's acts, Cowboy Cauldron has suffered damage and irreparable harm.

64.     Accordingly, Cowboy Cauldron is entitled to injunctive and monetary relief against Titan, pursuant to at least Utah Code Ann. § 13-11a-4(2)(a) and (b).

### PRAYER FOR RELIEF

WHEREFORE, Cowboy Cauldron prays for entry of a final order and judgment as follows:

A. Judgment that Titan has infringed Cowboy Cauldron's rights in the Cowboy Cauldron Trade Dress;

B. Judgment that Titan has committed acts of unfair competition;

C. Judgment that Titan has engaged in deceptive trade practices;

D. Cowboy Cauldron be granted preliminary and permanent injunctive relief pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), and Utah Code Ann. § 13-11a-4(2)(a), enjoining Titan, its officers, agents, servants, employees, and all those persons in active concert or participation with any of them from further acts of infringement of Cowboy Cauldron's rights in the Cowboy Cauldron Trade Dress;

E. Cowboy Cauldron be granted permanent injunctive relief enjoining Titan, its officers, agents, servants, employees, and all those persons in active concert or participation with any of them, from engaging in deceptive trade practices, pursuant to at least Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), and Utah Code Ann. § 13-11a-4(2)(a);

F. An award of damages and costs and Titan's profits under 15 U.S.C. § 1117 for Titan's infringement of the Cowboy Cauldron Trade Dress;

G. An award of damages, costs, attorneys' fees, and punitive damages for Titan's acts of unfair competition, pursuant to Utah Code Ann. § 13-5a-103;

H. An award of damages and Titan's profits, in an amount to be proven at trial, pursuant to applicable state statutory and common law, including at least the greater of Cowboy Cauldron's actual damages and $2,000, pursuant to Utah Code Ann. § 13-11a-4(2)(b);

I.  As part of final judgment, the Court declare that this is an exceptional case under 15 U.S.C. § 1117, and award Cowboy Cauldron its attorneys' fees;

J.  An award of costs and attorneys' fees under Utah Code Ann. § 13-11a-4(2)(c); and

K.  Cowboy Cauldron be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Cowboy Cauldron demands trial by jury on all claims and issues so triable.

Dated: November 16, 2017.

Respectfully Submitted,

MASCHOFF BRENNAN

By: */s/ Jared J. Braithwaite*
Jared J. Braithwaite

Attorneys for Plaintiff
COWBOY CAULDRON COMPANY