# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | | |
|---|---|---|
| **COWBOY CAULDRON COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action Number 2:17-CV-1206** |
| | ) | **District Judge Jill N. Parrish** |
| **TITAN MANUFACTURING AND** | ) | **Magistrate Judge Paul M. Warner** |
| **DISTRIBUTING, INC. d/b/a TITAN** | ) | **Jury Demand** |
| **DISTRIBUTORS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## SCHEDULING ORDER AND ORDER VACATING HEARING

Pursuant to Federal Rule of Civil Procedure 16(b), the Court received the Attorneys' Planning Report filed by counsel. The following matters are scheduled. The times and deadlines set forth herein may not be modified without the approval of the Court and on a showing of good cause pursuant to Federal Rule of Civil Procedure 6.

This Court ORDERS that the Initial Pretrial Conference set for February 14, 2018, at 11:30 a.m. is VACATED.
**\*\*ALL TIMES 4:30 PM UNLESS INDICATED\*\***

**1.      PRELIMINARY MATTERS**                                                                                           **DATE**

Nature of claims and any affirmative defenses: Plaintiff Cowboy Cauldron Company ("Cowboy Cauldron") asserts trade dress infringement, unfair competition, and deceptive trade practices claims against Defendant Titan Manufacturing and Distributing, Inc. d/b/a Titan Distributors, Inc. ("Titan") in connection with Titan's design and manufacture of a 41" cauldron fire pit and a 29" cauldron fire pit. Titan contends that it did not engage in trade dress infringement, unfair competition, or deceptive trade practices and that the cauldron fire pits that Cowboy Cauldron designed and manufactured do not merit any such protection.

   a.   Was the Rule 26(f)(1) Conference held?                                                              Yes

   b.   Have the parties submitted the Attorney Planning Meeting                                    Yes

Form?

| | | |
|---|---|---|
| c. | Deadline for 26(a)(1) initial disclosures | 2-12-18 |

**2. DISCOVERY LIMITATIONS** — **NUMBER**

| | | |
|---|---|---|
| a. | Maximum number of depositions by Cowboy Cauldron | 10[1] |
| b. | Maximum number of depositions by Titan | 10[2] |
| c. | Maximum number of hours for each deposition (unless extended by agreement of parties) | 7 |
| d. | Maximum interrogatories by any party to any party | 25 |
| e. | Maximum requests for admissions by any party to any party | 25 |
| f. | Maximum requests for production by any party to any party | 50 |
| g. | The Parties shall handle discovery of electronically-stored information as follows: The parties will work together in good faith to reach a resolution regarding the production of electronically-stored information. | |
| h. | The Court's Standard Protective Order will govern with respect to claims on privilege or protection as trial-preparation material asserted after production. | |
| i. | Last day to serve written discovery | 8-15-18 |
| j. | Close of fact discovery | 10-31-18 |

**3. AMENDMENT OF PLEADINGS/ADDING PARTIES[3]** — **DATE**

| | | |
|---|---|---|
| a. | Last day to file motion to amend pleadings | 7-15-18 |
| b. | Last day to file motion to add parties | 7-15-18 |

**4. RULE 26(a)(2) EXPERT DISCLOSURES & REPORTS** — **DATE**

**Disclosures**

| | | |
|---|---|---|
| a. | Part(ies) bearing burden of proof | 11-15-18 |

---

[1] This limitation does not include expert witnesses.
[2] This limitation does not include expert witnesses.
[3] Counsel must still comply with the requirements of Federal Rule of Civil Procedure 15(a).

|   |   |   |   |
|---|---|---|---|
|   | b. | Counter disclosures | 1-15-19 |
|   | **Reports** |   |   |
|   | a. | Part(ies) bearing burden of proof | 11-15-18 |
|   | b | Counter reports | 1-15-19 |
| 5. | | **OTHER DEADLINES** | **DATE** |
|   | a. | Last day for expert discovery | 3-1-19 |
|   | b. | Deadline for filing dispositive or potentially dispositive motions | 4-15-19 |
|   | c. | Deadline for filing partial or complete motions to exclude expert testimony | 4-1-19 |
| 6. | | **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION** | **DATE** |
|   | a. | Referral to Court-annexed mediation: | No |
|   | b. | Referral to Court-annexed arbitration | No |
|   | c. | The parties will complete private mediation/arbitration | 2-1-19 |
|   | d. | Re-evaluate case for settlement/ADR | 10-31-18 |
|   | e. | Settlement probability: | Unknown |

*Specify # of days for Bench or Jury trial as appropriate. The court will complete the shaded areas. The parties anticipate that the trial of this matter will last four days.*

| | | | TIME | DATE |
|---|---|---|---|---|
| 7. | | **TRIAL AND PREPARATION FOR TRIAL** | | |
| | a. | Rule 26(a)(3) Pretrial Disclosures[4]  Plaintiff | | *00/00/00* |
| | | Defendant | | *00/00/00* |
| | b. | Objections to Rule 26(a)(3) Disclosures (if different than 14 days provided in Rule) | | *00/00/00* |

---

[4] The Parties must disclose and exchange any demonstrative exhibits or animations with the Federal Rule of Civil Procedure 26(a)(3) disclosures.

3

  c. Special Attorney Conference[5] on or before      *00/00/00*
  d. Settlement Conference[6] on or before      *00/00/00*

  e. Final Pretrial Conference      ___:___ _.m.   *00/00/00*

  f. Trial      <u>Length</u>

    i. Bench Trial      *# days*    ___:___ _.m.   *00/00/00*

    ii. Jury Trial      *# days*    ___:___ _.m.   *00/00/00*

**8.**  **OTHER MATTERS**

  Counsel should contact chambers staff of the judge presiding in the case regarding Markman motions to determine the desired process for filing and hearing of such motions. Parties should file all motions in limine well in advance of the final pre-trial conference.

 Signed January 23, 2018.

            BY THE COURT:

            _____

40114019.v1

---

[5] The Special Attorneys Conference does not involve the Court. Counsel will agree on voir dire questions, jury instructions, and a pre-trial order and will discuss the presentation of the case. The parties should schedule witnesses to avoid gaps and disruptions. The parties should mark exhibits in a way that does not result in duplication of documents. The pre-trial order should include any special equipment or courtroom arrangement requirements.

[6] The Settlement Conference does not involve the Court unless the Court enters a separate order. Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.